UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH L. MARIS, *et al.*, | |
| Plaintiffs, | Case No. 2:11-cv-01933-GMN-CWH |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATION** |
| NEVADA CAPITAL INSURANCE COMPANY, | Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |
| Defendant. | |

This matter is before the Court on Plaintiffs' Application to Proceed in Forma Pauperis (#1), filed December 5, 2011.

**BACKGROUND**

Plaintiffs allege that they have an insurance contract with Defendant. On December 8, 2010, Plaintiffs home was substantially damaged in a fire. After contacting Defendant, Plaintiffs hired an independent adjuster to assess the loss incurred as a result of the fire. During the claims process a dispute arose as to the extent of the damage and value of the claim. The complaint in this matter alleges that Defendant (1) breached its contract with Plaintiffs; (2) violated Nevada's Unfair Claims Practices Act, NRS 686A.310, (3) breached the implied covenant of good faith and fair dealing, (4) breached is fiduciary duties, (5) violated NRS 684A.01 *et seq.*, and (6) through its actions intentionally or negligently inflicted emotional distress. Along with damages, Plaintiffs seek declaratory relief. All of the claims asserted by Plaintiffs are brought under Nevada state law.

**DISCUSSION**

**I.     Application to Proceed In Forma Pauperis**

Plaintiffs filed this instant action and attached a financial affidavit to their application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing the financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to how to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.     Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  Plaintiffs have not stated any federal claims.  All of Plaintiffs' claims against Defendant are contractual or tort claims arising under state law, and no federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Plaintiffs have not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because they have not alleged that the parties are citizens of different states.  To the contrary, the complaint indicates that all parties are citizens of Nevada.

Because all of the claims arise under Nevada state law and the parties are all citizens of Nevada, the Court finds that it does not have jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#3) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed without prejudice and with leave to amend**. Plaintiffs shall have thirty (30) days from entry this order to file an amended complaint curing the deficiencies noted herein. Failure to do so will result in a recommendation that this case be dismissed with prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of January, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge